JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Barbaretta Turner-Pugh, et. al., | Monroe County Board of Education, et. al. |

| (b) County of Residence of First Listed Plaintiff    __Monroe County__ <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant    __Monroe County__ <br> *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF <br>          THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)* <br> Hernandez & Associates Law Firm, LLC <br> PO Box 66174, Mobile AL 36606, (251)479-1477 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government    Plaintiff
- [ ] 2   U.S. Government    Defendant
- [x] 3   Federal Question <br>      *(U.S. Government Not a Party)*
- [ ] 4   Diversity <br>      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place <br> of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place <br> of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a <br> Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance <br> [ ] 120 Marine <br> [ ] 130 Miller Act <br> [ ] 140 Negotiable Instrument <br> [ ] 150 Recovery of Overpayment <br>     & Enforcement of Judgment <br> [ ] 151 Medicare Act <br> [ ] 152 Recovery of Defaulted <br>     Student Loans <br>     (Excludes Veterans) <br> [ ] 153 Recovery of Overpayment <br>     of Veteran's Benefits <br> [ ] 160 Stockholders' Suits <br> [ ] 190 Other Contract <br> [ ] 195 Contract Product Liability <br> [ ] 196 Franchise | **PERSONAL INJURY** <br> [ ] 310 Airplane <br> [ ] 315 Airplane Product <br>     Liability <br> [ ] 320 Assault, Libel & <br>     Slander <br> [ ] 330 Federal Employers' <br>     Liability <br> [ ] 340 Marine <br> [ ] 345 Marine Product <br>     Liability <br> [ ] 350 Motor Vehicle <br> [ ] 355 Motor Vehicle <br>     Product Liability <br> [ ] 360 Other Personal <br>     Injury <br> [ ] 362 Personal Injury - <br>     Medical Malpractice | **PERSONAL INJURY** <br> [ ] 365 Personal Injury - <br>     Product Liability <br> [ ] 367 Health Care/ <br>     Pharmaceutical <br>     Personal Injury <br>     Product Liability <br> [ ] 368 Asbestos Personal <br>     Injury Product <br>     Liability <br> **PERSONAL PROPERTY** <br> [ ] 370 Other Fraud <br> [ ] 371 Truth in Lending <br> [ ] 380 Other Personal <br>     Property Damage <br> [ ] 385 Property Damage <br>     Product Liability | [ ] 625 Drug Related Seizure <br>     of Property 21 USC 881 <br> [ ] 690 Other | [ ] 422 Appeal 28 USC 158 <br> [ ] 423 Withdrawal <br>     28 USC 157 <br> **INTELLECTUAL** <br> **PROPERTY RIGHTS** <br> [ ] 820 Copyrights <br> [ ] 830 Patent <br> [ ] 835 Patent - Abbreviated <br>     New Drug Application <br> [ ] 840 Trademark <br> [ ] 880 Defend Trade Secrets <br>     Act of 2016 | [ ] 375 False Claims Act <br> [ ] 376 Qui Tam (31 USC <br>     3729(a)) <br> [ ] 400 State Reapportionment <br> [ ] 410 Antitrust <br> [ ] 430 Banks and Banking <br> [ ] 450 Commerce <br> [ ] 460 Deportation <br> [ ] 470 Racketeer Influenced and <br>     Corrupt Organizations <br> [ ] 480 Consumer Credit <br>     (15 USC 1681 or 1692) <br> [ ] 485 Telephone Consumer <br>     Protection Act <br> [ ] 490 Cable/Sat TV |
| **REAL PROPERTY** <br> [ ] 210 Land Condemnation <br> [ ] 220 Foreclosure <br> [ ] 230 Rent Lease & Ejectment <br> [ ] 240 Torts to Land <br> [ ] 245 Tort Product Liability <br> [ ] 290 All Other Real Property | **CIVIL RIGHTS** <br> [ ] 440 Other Civil Rights <br> [ ] 441 Voting <br> [ ] 442 Employment <br> [ ] 443 Housing/ <br>     Accommodations <br> [x] 445 Amer. w/Disabilities - <br>     Employment <br> [ ] 446 Amer. w/Disabilities - <br>     Other <br> [ ] 448 Education | **PRISONER PETITIONS** <br> **Habeas Corpus:** <br> [ ] 463 Alien Detainee <br> [ ] 510 Motions to Vacate <br>     Sentence <br> [ ] 530 General <br> [ ] 535 Death Penalty <br> **Other:** <br> [ ] 540 Mandamus & Other <br> [ ] 550 Civil Rights <br> [ ] 555 Prison Condition <br> [ ] 560 Civil Detainee - <br>     Conditions of <br>     Confinement | **LABOR** <br> [ ] 710 Fair Labor Standards <br>     Act <br> [ ] 720 Labor/Management <br>     Relations <br> [ ] 740 Railway Labor Act <br> [ ] 751 Family and Medical <br>     Leave Act <br> [ ] 790 Other Labor Litigation <br> [ ] 791 Employee Retirement <br>     Income Security Act <br><br> **IMMIGRATION** <br> [ ] 462 Naturalization Application <br> [ ] 465 Other Immigration <br>     Actions | **SOCIAL SECURITY** <br> [ ] 861 HIA (1395ff) <br> [ ] 862 Black Lung (923) <br> [ ] 863 DIWC/DIWW (405(g)) <br> [ ] 864 SSID Title XVI <br> [ ] 865 RSI (405(g)) <br><br> **FEDERAL TAX SUITS** <br> [ ] 870 Taxes (U.S. Plaintiff <br>     or Defendant) <br> [ ] 871 IRS—Third Party <br>     26 USC 7609 | [ ] 850 Securities/Commodities/ <br>     Exchange <br> [ ] 890 Other Statutory Actions <br> [ ] 891 Agricultural Acts <br> [ ] 893 Environmental Matters <br> [ ] 895 Freedom of Information <br>     Act <br> [ ] 896 Arbitration <br> [ ] 899 Administrative Procedure <br>     Act/Review or Appeal of <br>     Agency Decision <br> [ ] 950 Constitutionality of <br>     State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original <br>    Proceeding
- [ ] 2 Removed from <br>    State Court
- [ ] 3 Remanded from <br>    Appellate Court
- [ ] 4 Reinstated or <br>    Reopened
- [ ] 5 Transferred from <br>    Another District <br>    *(specify)*
- [ ] 6 Multidistrict <br>    Litigation - <br>    Transfer
- [ ] 8 Multidistrict <br>    Litigation - <br>    Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: <br>
42 USC section 2000e <br>
Brief description of cause:

| VII. REQUESTED IN <br> COMPLAINT: | [ ] CHECK IF THIS IS A **CLASS ACTION** <br> UNDER RULE 23, F.R.Cv.P. | DEMAND $ <br> $4,475,000.00 | CHECK YES only if demanded in complaint: <br> JURY DEMAND:   [x] Yes   [ ] No |
|---|---|---|---|

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| August 1, 2023 | /s/ Christine C. Hernandez |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **BARBARIETTA TURNER-PUGH,** | * | |
| **PH.D., L'NARI TURNER,** | * | |
| **LIZZIE INGRAM, and** | * | |
| **ALICIA SALTER,** | * | |
| | * | **Civil Action**: |
| **Plaintiffs,** | * | |
| | * | _____ |
| **v.** | * | |
| | * | **JURY DEMAND** |
| | * | |
| **MONROE COUNTY BOARD OF** | * | |
| **EDUCATION,** | * | |
| | * | |
| **MONROE COUNTY SCHOOL** | * | |
| **SYSTEM SUPERINTENDANT,** | * | |
| **GREGORY SHEHAN,** | * | |
| **(In his official and individual** | * | |
| **capacity),** | * | |
| | * | |
| **MONROE COUNTY BOARD OF** | * | |
| **EDUCATION MEMBERS:** | * | |
| | * | |
| **TONY POWELL,** | * | |
| **BARBARA TURNER,** | * | |
| **MARTHA JORDAN,** | * | |
| **KENNETH V. SMITH,** | * | |
| **SABRINA KIDD,** | * | |
| **(In their official** | * | |
| **and representative capacities as** | * | |
| **Members of the Monroe County** | * | |
| **Board of Education);** | * | |
| | * | |
| **and** | * | |
| | * | |
| **FICTICIOUS DEFENDANTS, A-Z,** | * | |
| **(In their personal and/or official** | * | |
| **capacities);** | * | |
| | * | |
| | * | |
| **Defendants.** | * | |

## COMPLAINT

COMES NOW the Plaintiffs, BARBARIETTA TURNER-PUGH, PH.D.,  L'NARI TURNER, LIZZIE INGRAM and ALICIA SALTER by and through their attorneys of record Christine C. Hernandez and James Adam Muns, of the Hernandez and Associates Law Firm and files this complaint against the Defendants MONROE COUNTY BOARD OF EDUCATION BOARD (hereinafter "MCBOE") a governmental entity organized and existing in Monroe County, Alabama; MONROE COUNTY BOARD OF EDUCATION, SUPERINTENDANT GREG SHEHAN, (hereinafter "Shehan"), in his official capacity as the Superintendent of the Monroe County Board of Education and his individual capacity; MONROE COUNTY BOARD OF EDUCATION MEMBERS: TONY POWELL, BARBARA TURNER, KENNETH SMITH, MARTHA JORDAN, SABRINA KIDD (in their official capacities as Board members of the MCBOE), and FICTIOUS DEFENDANTS, A-Z, (in their official and/or individual capacitates). As grounds therefore, Plaintiffs shows unto this Honorable Court as follows:

## NATURE OF THE CASE

1.     Plaintiffs are seeking in this action to recover damages under 42 U.S.C. §§ 2000e et. seq. (Title VII), 20 U.S.C. §1681 et. seq (Title IX) and the Equal Pay Act 29 U.S.C. 206 and 206(d), Family Medical Leave Act 29 U.S.C. § 5105(b), Americans with Disabilities Act of 1990 Title I §102, and the Fourth and Fourteenth Amendments to the United States Constitution, by the Plaintiffs while employed by Defendants, which ultimately led to their Wrongful Termination, Breach of Contract, and Defamation of Character and various state remedies arising therefrom.

2.     Plaintiffs seek declaratory and equitable injunctive relief, and compensatory damages from Defendants arising from Defendants' violation of rights guaranteed to the Plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., Title XI of the Education Amendments of 1972, 20 U.S.C. §1681 et. Seq., the Equal Pay Act 29 U.S.C. 206 and 206(d), Family Medical Leave Act 29 U.S.C. § 5105(b), the Americans with Disabilities Act of 1990 Title I §102, and the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. Section 1983. All Plaintiffs bring this action

against MCBOE on behalf of herself and on behalf of the Plaintiffs collectively where they are similarly situated.

3.   Plaintiffs seek declaratory and equitable injunctive relief, and compensatory damages from Defendants arising from Defendants' violation of rights guaranteed to the Plaintiff under the American Disabilities Act that states the following:

4.   Demoting a medically disabled individual simply because of the disability or basing an employment decision on the individual's disability or stereotypes or assumptions of the abilities of a person with disabilities is unlawful discrimination is considered workplace discrimination in violation of the ADA.

5.   The ADA considers a person disabled if he or she has a physical impairment that is responsible for limiting one or more major life activities. A major activity includes such functions as learning, thinking, walking, seeing, hearing, breathing and eating, among others. This description applies to employees and applicants who self-report this disability, have a record of an impairment of this nature or are perceived as having such an impairment. An exception is if the impairment is expected to last six months or less and is considered minor. Plaintiff Salter made her employer, Defendant MCBOE aware of her medical disabilities by self-reporting and further informed the employer of her medical appointments each time she had an appointment.

6.   An employer is required to providing reasonable accommodations to employees. Such accommodations may include making facilities handicap accessible, reassigning an employee to a vacant position, restructuring a job, modifying a work schedule, providing additional unpaid leave, providing assistive devices, adjusting policies and providing interpreters as needed. These accommodations are required for other purposes than performing the basic functions of the job. For example, they must also be provided for the disabled individual to enjoy the same privileges and benefits of employees as people without disabilities. Additionally, an employer can make a different accommodation than the one requested by the employee so long as it is reasonably linked to assist with the

function or provide the employment privilege. The Defendants Shehan and MCBOE,
terminated her employment contract having extensive knowledge of the Medical situation.

## JURISDICTION

7. The jurisdiction of this court is invoked pursuant to 42 U.S.C. Section 2000e et seq., Title
XI of the Education Amendments of 1972, 20 U.S.C. §1681 et. Seq., the Equal Pay Act
29 U.S.C. 206 and 206(d), Family Medical Leave Act 29 U.S.C. § 5105(b), the
Americans with Disabilities Act of 1990 Title I §102, and the Fourth and Fourteenth
Amendments to the United States Constitution, 42 U.S.C. Section 1983.The Jurisdiction
of this court is invoked to secure protection for and to redress the deprivation of rights
secured by Title VII 2000(e) providing relief against retaliation, rights secured by Title
IX 1972 providing relief against discrimination on the basis of race, gender, and the
Equal Pay Act of 1963 providing relief against discrimination and deprivation of equal
pay based on gender.

8. The jurisdiction of this court is invoked pursuant to 42 U.S.C. Section 2000e et seq., Title
XI of the Education Amendments of 1972, 20 U.S.C. §1681 et. Seq., the Equal Pay Act
29 U.S.C. 206 and 206(d), Family Medical Leave Act 29 U.S.C. § 5105(b), the
Americans with Disabilities Act of 1990 Title I §102, and the Fourth and Fourteenth
Amendments to the United States Constitution, 42 U.S.C. Section 1983; to grant
injunctive and declaratory equitable relief as well as damages to those who have suffered
or endured discriminatory and retaliative conduct.

9. The jurisdiction of this court is invoked pursuant to 42 U.S.C. Section 2000e et seq., Title
XI of the Education Amendments of 1972, 20 U.S.C. §1681 et. Seq., the Equal Pay Act
29 U.S.C. 206 and 206(d), Family Medical Leave Act 29 U.S.C. § 5105(b), the
Americans with Disabilities Act of 1990 Title I §102, and the Fourth and Fourteenth
Amendments to the United States Constitution, 42 U.S.C. Section 1983, is invoked to
secure protection for and to redress the deprivation of rights secured by Title VII 2000(e)
providing relief against retaliation, rights secured by Title IX 1972 providing relief
against discrimination on the basis of gender, and the Equal Pay Act of 1963 providing

relief against discrimination and deprivation of equal pay based on gender;  Family Medical Leave Act 29 U.S.C. § 5105(b),and the Americans with Disabilities Act of 1990 Title I §102; providing relief against wrongful termination due to documented health and medical issues.

10. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 28 U.S.C. § 1343(a)(3)-(4) and supplemental jurisdiction to hear the common law claims under 28 U.S.C.§1367;

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiffs have each initiated her own EEOC charge and received her "Notice of Right to Sue" letter pursuant to Title VII, Title IX, the Family Medical Leave Act and the Equal Pay Act prior to the filing of this complaint.

12. Prior to filing this civil action, Plaintiffs timely filed written charges asserting discrimination and retaliation with the Equal Employment Opportunity Commission against the Defendants.

13. On or about May 3, 2023, the Equal Employment Opportunity Commission issued a "Notice of Right to Sue" to Plaintiff Barbarietta Turner-Pugh attached hereto as Plaintiff's Exhibit 1.

14. On or about May 12, 2023, the Equal Employment Opportunity Commission issued a "Notice of Right to Sue" to Plaintiff L'Nari Turner attached hereto as Plaintiff's Exhibit 2.

15. On or about June 29, 2023, the Equal Employment Opportunity Commission issued a "Notice of Right to Sue" to Plaintiff Lizzie Ingram attached hereto as Plaintiff's Exhibit 3.

16. On or about May 23, 2023, the Equal Employment Opportunity Commission issued a "Notice of Right to Sue" to Plaintiff Alicia Salter attached hereto as Plaintiff's Exhibit 4.

## VENUE

17.    Venue is proper in the Southern District of Alabama, Southern Division, since the Defendants conduct business within this District and Division where acts of discrimination occurred.

18.    Venue is proper pursuant to statutory implications identified under the jurisdiction heading herein above.

## PARTIES

19.    Plaintiff BARBARIETTA TURNER-PUGH, PH.D., is over the age of nineteen (19) years and is a current employee of Defendant Monroe County Board of Education, and seek declaratory and injunctive relief, compensatory damages, back pay, and front pay from the Defendants arising from Defendants' violation of rights guaranteed to Plaintiff under Title VII Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq., Title IX of the Education Amendments of 1972, and Equal Pay Act 29 U.S.C. 206 and 206(d). Plaintiff is an African American female citizen of the United States and of the State of Alabama. She is a resident of this Judicial District and Division. Plaintiff is an employee of the Defendants within the meaning of Title VII Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq., Title IX of the Education Amendments of 1972, and Equal Pay Act Title 29 U.S.C. 206 and 206(d).

20.    Plaintiff L'NARI TURNER, an African American female, is over the age of nineteen (19) years and a resident citizen of Monroe County, Alabama. At all times relevant to this action L'Nari Turner was employed by the Monroe County Board of Education (MCBOE) as a nurse. L'Nari Turner is a former employee of Defendant Monroe County Board of Education, and seeks declaratory and injunctive relief, compensatory damages, back pay, and front pay from the Defendants arising from Defendants' violation of rights guaranteed to Plaintiff under Title VII Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq., Title IX of the Education Amendments of 1972, and Equal Pay Act 29 U.S.C. 206 and 206(d). Plaintiff is an African American female citizen of the United States and of the State of Alabama. She is a resident of this Judicial District and Division. Plaintiff was an employee of the Defendants within the meaning of Title VII Civil Rights Act of 1964,

42 U.S.C. §§ 2000e et. seq., Title IX of the Education Amendments of 1972, and Equal Pay Act Title 29 U.S.C. 206 and 206(d).

21.    Plaintiff LIZZIE INGRAM an African American female, is over the age of nineteen (19) years, is a citizen of the United States and of the State of Alabama. Ingram and is a former employee of Defendant Monroe County Board of Education, and seeks declaratory and injunctive relief, compensatory damages, back pay, and front pay from VII Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq., Title IX of the Education Amendments of 1972, and Equal Pay Act 29 U.S.C. 206 and 206(d). She is a resident of this Judicial District and Division. Plaintiff was an employee of the Defendants within the meaning of Title VII Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq., Title IX of the Education Amendments of 1972, and Equal Pay Act 29 U.S.C. 206 and 206(d).

22.    Plaintiff ALICIA SALTER, a white female, is over the age of nineteen (19) years and a resident citizen of Conecuh County, Alabama. At all times relevant to this action Salter was employed by the Monroe County Board of Education (MCBOE) as a nurse. Salter is a former employee of Defendant Monroe County Board of Education, and seeks declaratory and injunctive relief, compensatory damages, back pay, and front pay from the Defendants arising from Defendants' violation of rights guaranteed to Plaintiff under Title VII Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq., Title IX of the Education Amendments of 1972, and Equal Pay Act 29 U.S.C. 206 and 206(d), Family Medical Leave Act 29 U.S.C. § 5105(b), the Americans with Disabilities Act of 1990 Title I §102. Plaintiff is a female citizen of the United States and of the State of Alabama. She is a resident of this Judicial District and Division. Plaintiff was an employee of the Defendants within the meaning of Title VII Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq., Title IX of the Education Amendments of 1972, and Equal Pay Act Title 29 U.S.C. 206 and 206(d), Family Medical Leave Act 29 U.S.C. § 5105(b), and the Americans with Disabilities Act of 1990 Title I §102.

23.    Defendant MONROE COUNTY BOARD OF EDUCATION is a public-school board, which serves as the Governing body of the Monroe County School System and is located

in Monroe County Alabama at all times pertinent to this complaint. Defendants engage in an industry affecting commerce and as a Title I school receives state and/or federal assistance. Defendant MONROE COUNTY BOARD OF EDUCATION is an employer within the meaning of Title VII Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq., Title IX of the Education Amendments of 1972, and Equal Pay Act Title 29 U.S.C. 206 and 206(d), Family Medical Leave Act 29 U.S.C. § 5105(b), and the Americans with Disabilities Act of 1990 Title I §102, and amendments thereto. Defendant is operating within this County, District and Division.

24.  Defendant MONROE COUNTY BOARD OF EDUCATION SUPERINTENDENT, GREGORY SHEHAN in his official capacity, is the acting Superintendent of Monroe County School System, supervisor of the Plaintiffs and is an employer within the meaning of Title VII Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq., Title IX of the Education Amendments of 1972, and Equal Pay Act Title 29 U.S.C. 206 and 206(d), Family Medical Leave Act 29 U.S.C. § 5105(b), and the Americans with Disabilities Act of 1990 Title I §102 and amendments thereto. Defendant is a resident of the state, is employed by the MCBOE and is operating within State of Alabama, within the Southern District and Division. Defendant Gregory Shehan in his individual capacity is a white male over the age of 19 years old and residing in the State of Alabama and in the United States; and is subject to the jurisdiction in the Southern District Federal Court.

25.  Defendant MONROE COUNTY BOARD OF EDUCATION is composed of the following members are and were at all times material herein, all over the age of nineteen (19) years and residents of the State of Alabama.

a)    Defendant Superintendent Gregory L. Shehan (non-voting member and contractual employee of MCBOE) (address 109 Rosenwald Dr Monroeville, AL 36460). Defendant Gregory L. Shehan is being sued in his official as a Members of the Monroe County Board of Education, Superintendent to enforce equitable and injunctive relief requested herein, and in his individual capacity.

b)    Defendant Tony Powell (address 426 Powell Road Uriah AL 36480) is a voting member of the MCBOE. Defendant Tony Powell is being sued in his official capacity as

a Members of the Monroe County Board of Education to enforce equitable and injunctive relief requested herein.

c)      Defendant Barbara Turner (address 251 Blude Ridge Drive Monroeville, AL 36460) is a voting member of the MCBOE.

d)      Defendant Martha Jordan (address 1204 Fred Jordan Road Monroeville, AL 36460) is a voting member of the MCBOE.

e)      Defendant Kenneth V. Smith (address 139 Pike Street Monroeville, AL 36460) is a voting member of the MCBOE.

f)      Defendant Sabrina Kidd (address 285 Tower Road Monroeville, Al 36460) is a voting member of the MCBOE.

26.    Defendants, FICTITIOUS DEFENDANTS A-Z, are over the age of 19 years and at all times relevant hereto upon information and belief, have been and are residents of Alabama. At all times relevant to the Complaint, Defendants were employers within the meaning of Title VII Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq., Title IX of the Education Amendments of 1972, and Equal Pay Act Title 29 U.S.C. 206 and 206(d), Family Medical Leave Act 29 U.S.C. § 5105(b), the Americans with Disabilities Act of 1990 Title I §102 and the Fourth and Fourteenth Amendments to the United States Constitution and amendments thereto. Defendant is operating within this County, District and Division.

## FACTS

27.    Plaintiff Barbarietta Turner-Pugh is a certified educator who has been employed    with the Monroe County Board of Education since 2005. Plaintiff is considered a tenured employee under the Student First Act of 2011 and has been employed as such since 2015.

28.    Plaintiff Barbarietta Turner-Pugh is an African American female, who has been discriminated against by the Defendants on the basis of race, sex, age, and in retaliation for reporting such issues.

29.    On or about July 1, 2014, Plaintiff Barbarietta Turner-Pugh signed a contract with
       Monroe County Board of Education Public School Contract employing her as the
       Director of Student Services for the term of one year at a salary $68,366.00 payable
       $5668.82 per calendar month from September of 2014 to August of 2015.

30.    On or about September 17, 2015, the acting superintendent of Monroe County Board of
       Education, decided to eliminate contracts for all certified personnel in authorization of
       the Students First Act of 2011. Under the Student First Act of 2011, only three (3)
       certified employee positions that require contracts. They are the Superintendent, the
       Chief School Financial Officer, and Principals. All other certified employees of the
       school system are on the "tenure" track of the Student First Act. Plaintiff Turner-Pugh
       qualified for "tenure".

31.    On August 12, 2022, Plaintiff Barbarietta Turner-Pugh was told by the Monroe County
       Board of Education Superintendent that she could not conduct trainings or meetings with
       the male coaches. Plaintiff is the acting athletic director for the Monroe County School
       System. Plaintiff was told she could continue meeting with female cheer coaches but the
       male coaches would relate to him better.

32.    On or about October 1, 2022, the Alabama State Department of Education (ALSDE) and
       Monroe County School System signed a contract with the Plaintiff Barbarietta Turner-
       Pugh, as SAFE COUNCIL Regional Administrator. Plaintiff, Barbarietta Turner-Pugh in
       addition to her position as Director of Student Services, would also be contracted as
       SAFE Council Regional Administrator through the salary amount of $136, 788.02, plus
       an additional amount of $10,000.00 for travel and training related expenses from 100%
       state funds to compensate the Plaintiff. Said contract was for the term of one-year
       effective October 1, 2022 to September 30, 2023; and the position and salary was
       specified in the 21st Century Grant.

33.    On or about October 4, 2022, a Monroe County Board of Education meeting was held to
       discuss a payment raise of the Monroe County Board of Education Superintendent
       Gregory Shehan. Because Mr. Shehan still had a year left on his current contract at his
       current rate of pay, and under the direction of the Plaintiffs' Mother Ms. Barbara Turner
       who is Vice Chair of the Monroe County Board of Education; the board agreed to place

the request on the agenda and to discuss the contract renewal and pay increase requested by the MCBOA Superintendent, Gregory Shehan at a later date.

34.    On or about November 10, 2022, immediately following the MCBOE meeting, Defendant Shehan directed Plaintiff Barbarietta Turner-Pugh to turn in her keys and clean out her office.

35.    On or about November 10,2022, immediately following the MCBOE meeting, Defendant Shehan informed Plaintiff Barbarietta Turner-Pugh she was on Administrative Leave.

36.    On or about October 13, 2022, Plaintiff Barbarietta Turner-Pugh received a call from the Superintendent, Mr. Shehan, stating he and the other board members had received a package that was mailed anonymously alleging fraudulent use of funds by Plaintiff Barbarietta Turner-Pugh while acting as the Administrator of the 21st Century Grant.

37.    Defendant Shehan did not conduct or request that a formal investigation be conducted regarding the anonymous allegations against Plaintiff Barbarietta Turner-Pugh.

38.    Defendants Members of the MCBOE did not receive any findings of any investigation related to the anonymous allegations against Plaintiff Barbarietta Turner-Pugh.

39.    Plaintiff Turner-Pugh was denied due process, was not provided a formal investigation or a hearing that would allow her to respond and/or address the anonymous allegations and defend herself in front of the MCBOE.

40.    On or about October 17, 2022, Defendant Shehan told Plaintiff Barbarietta Turner-Pugh to pick up his "balls" off the floor and give them back to him because Plaintiff Barbarietta Turner-Pugh robbed him of his penis and male pride.

41.    On or about November 10, 2022, Plaintiff Barbarietta Turner-Pugh received a letter from Defendant Shehan stating that she was being placed on administrative leave with pay, pending an investigation into the allegation of fraudulent use of funds. In said letter the superintendent stated, "During this time of administrative leave with pay, you will not be allowed in or on any Monroe County Board of Education facility or property with the exception of you acting in your role as a parent of your child, to attend Board of Education meetings, or to petition an official for redress." There has been no official hearing and no investigation report stating that there has been any proof to the allegations as of the date of this filing. When Plaintiff Barbarietta Turner-Pugh approached Defendant MCBOE Superintendent Shehan to discuss the allegations Plaintiff Barbarietta

Turner-Pugh, was screamed at by Defendant Shehan and told to leave his office because he no longer wanted to see the Plaintiff Barbarietta Turner-Pugh's face. At the time of this incident there were witnesses to the behavior of Defendant Shehan.

42.  Defendant Sheehan's secretary and Human Resources Director were in his office and observed the statements and conduct of Defendant Shehan, on November 10, 2022.

43.  On or about November 20, 2023, the MCBOE Superintendent, Shehan, personally lodged a formal complaint with the Alabama Board of Education against Plaintiff Barbarietta Turner-Pugh stating she misappropriated funds under the 21st Century Grant and that Plaintiff Turner Pugh was being investigated. No proof of any investigation or finding was provided to the Alabama Board of Education against Plaintiff Turner-Pugh.

44.  On or about December 7, 2022, MCBOE Superintendent Defendant Shehan, received a letter from Eric G. Mackey, Alabama State Superintendent of Education, stating "Pursuant to paragraph five of contract number C230011, please allow this letter to serve as written notification that the Alabama State Department of Education (ALSDE) is terminating contract number C230011 related to Regional Safety Coordinators, (Plaintiff Barbarietta Turner-Pugh's position) effective 30 days from receipt of this letter." The termination of this contract was direct result of the formal complaint that was filed against the Plaintiff, by MCBOE Superintendent Shehan, before an investigation had been commenced and completed regarding the purported anonymous allegations alleged to be against Plaintiff Turner-Pugh.

45.  The December 7, 2022, letter from Eric G. Mackey, Alabama State Superintendent of Education, which stated "Pursuant to paragraph five of contract number C230011, please allow this letter to serve as written notification that the Alabama State Department of Education (ALSDE) is terminating contract number C230011 related to Regional Safety Coordinators, (Including Plaintiff L'Nari Turner nurse position and Plaintiff Alicia Salter nurse position) effective 30 days from receipt of this letter." The termination of this contract was direct result of the formal complaint that was initiated by Defendant Shehan prior to any hearing being held to address the purported anonymous complaint and alleged investigation against Plaintiff Barbarietta Turner-Pugh that would allow Plaintiff Barbarietta Turner-Pugh to prove the allegations were unfounded and false.

46.    Since Plaintiff Barbarietta Turner-Pugh was placed on administrative leave,
Plaintiff was made aware through teachers, parents, and other faculty that her
professional character was being attacked defamed by Defendants members of the
MCBOE, Monroe County School System, and MCBOE Superintendent, Shehan. Plaintiff
received phone calls, texts and emails from multiple known individuals, including
friends, parents and former colleagues who stated they were informed Plaintiff was
placed on administrative leave for misappropriation of funds. These false allegations,
against Plaintiff Turner-Pugh have been alleged by Defendant Shehan to the Alabama
State Board of Education, to faculty, parents, in public meetings and the community as a
whole.

47.    As of this date, there has been no hearing scheduled to allow Plaintiff Barbarietta Turner-
Pugh to address the false allegations made by Defendants Shehan and some        members of
the MCBOE. Plaintiff BarbariettaTurner-Pugh is still currently on  administrative leave from the
Monroe County Board of Education.

48.    Plaintiff L'Nari Turner is a registered nurse who has been employed with the Monroe
County Board of Education as a contracted employee commencing on October 5, 2020,
to terminate on July 31, 2024. Plaintiff is considered a contract employee.

49.    Plaintiff L'Nari Turner is an African American female who has been discriminated
against by the Defendants on the basis of race, sex, age, and in retaliation for reporting
such issues.

50.    On or about August 1, 2022, Plaintiff  L'Nari Turner signed a contract with Monroe
County Board of Education Public School Contract employing her as a nurse for the term
of two years at a salary of $7,000.00 per calendar month from August 1, 2022, to July 31,
2024.

51.    On or about October 4, 2022, a Monroe County Board of Education meeting was held to
discuss a payment raise of the Monroe County Board of Education Superintendent Greg
Shehan. Because Mr. Shehan still had a year left on his current contract at his current rate
of pay, and under the direction of the Monroe County Board of Education member Ms.
Barbara Turner, Vice Chair of the Monroe County Board of Education; the board agreed
to discuss the contract renewal and pay increase of the Monroe County Board of
Education Superintendent, Greg Shehan at a later date.

52.   On or about December 13, 2022, Plaintiff L'Nari Turner received a letter from the
      Defendant Monroe County Board of Education Superintendent Greg Shehan, stating that
      said letter would serve as a 30-day Notice of Termination of her contract. Plaintiff was
      told that the termination of her contract was no reflection on her work or performance of
      her duties however, her contract would terminate on January 13, 2023.

53.   As of this date, there has been no hearing scheduled to allow Plaintiff L'Nari Turner to
      address the Monroe County Board of Education. Plaintiff L'Nari Turner is still currently
      seeking full-time employment and has been unable to find work in the surrounding areas
      because of the poor reference she has received from the Monroe County Board of
      Education.

54.   Plaintiff Lizzie Ingram is an African American female, who has been discriminated
      against by the Defendants on the basis of race, sex, age, and in retaliation for reporting
      such issues.

55.   On or about March 1, 2020, Plaintiff Lizzie Ingram signed a contract with Monroe
      County Board of Education Public School Contract employing her as the Chief School
      Financial Officer for Defendant Monroe County Board of Education. The terms of
      Plaintiff's contract stated that she was to be employed for a period of three years
      commencing on March 1, 2020; and expiring on March 10, 2023. Plaintiff's annual salary
      of $78,352.00 for 240 days per year, and further agreements and consideration hereinafter
      stated. The annual salary shall be paid in twelve equal monthly installments. The contract
      also stated in the Contract of Employment Section 2(b) "In years that state mandated pay
      increase is implemented for certified employees, the CSFO's salary shall be adjusted
      upward by the amount of the state of mandated pay increase." When Plaintiff was forced
      to leave the Monroe County Board of Education on January 19, 2023; her salary had been
      increased to $91,820.00.

56.   On or about October 1, 2020, the Alabama State Department of Education (ALSDE) and
      Monroe County School Board signed a contract to enact the 21st Century Grant that
      would fund many after school programs such as the SAFE Program, and APR Homeless
      II program. Plaintiff was made Homeless Community Liaison for the APR Homeless II

program and Monroe County School Board. The program Director for 21st Century Grant agreed to pay the Plaintiff $15, 406.00 to coordinate the APR Homeless II program and the activities of said program.

57. On or about November 10, 2022, another employee of Monroe County Board of Education Barbarietta Turner Pugh was placed on administrative leave by Defendant Monroe County Board of Education, Greg Shehan for speaking out against unethical practices. Plaintiff Lizzie Ingram spoke out about her position on Plaintiff Barbarietta Turner-Pugh being placed on administrative leave and was retaliated and discriminated against due to her opposition of Monroe County Board of Education decision.

58. On or about November 29, 2022, Plaintiff Lizzie Ingram received a letter from Mark Boardman Attorney for Monroe County Board of Education stating that the funds that she had received as payment for her duties as APR Homeless II Liaison were unapproved. According to Boardman, the funds she received a supplement as payment through the ARP II Homeless Grant was not approved, and she was required to pay them back to the Monroe County Board of Education. Upon information and belief, Plaintiff Lizzie Ingram was not aware her supplement and the uses thereof were unapproved by Defendant Monroe County Board of Education or that her supplement needed to be approved by Defendant Monroe County Board of Education since her supplement for that position was not funded by Defendant Monroe County Board of Education but was funded by ARP II Homeless Grant program. Therefore, Plaintiff Lizzie Ingram retained an attorney to discuss her options.

59. On or about January 19, 2023, Plaintiff arrived to begin work at her normal position with Defendant Monroe County Board of Education when she was informed that she was no longer an employee. Plaintiff Lizzie Ingram was ordered to gather her personal belongings, turn in her keys, and leave the premises immediately. Plaintiff, at the time was given no reason as to why she was being forced to leave the premises but did as requested.

60.    On or about February 2, 2023, Plaintiff Lizzie Ingram was made aware by other faculty and staff that her signature was still being used to pay bills, vendors, and payroll from Defendant Monroe County Board of Education. Although she had not been employed since January 19, 2023, and not had access to anything involving Defendant Monroe County Board of Education; her signature as Chief School Financial Officer was still being used to produce checks and pay for things out of the operating account of Defendant Monroe County Board of Education. Plaintiff Lizzie Ingram also was made aware that Defendant Monroe County Board of Education Superintendent Greg Shehan had made the decision to appoint himself Interim Chief School Financial Officer until they were able to find a replacement for the Plaintiff Lizzie Ingram.

61.    On or about May 15, 2023, Plaintiff Lizzie Ingram filed a charge with the EEOC for retaliation, discrimination, and harassment.

62.    On or about June 1, 2023, Plaintiff Lizzie Ingram was made aware that in retaliation for her charge with the EEOC, Defendant Monroe County Board of Education and Defendant Monroe County Board of Education Superintendent Greg Shehan were holding a vote in the board meeting of the Monroe County Board of Education as to whether or not to file a civil complaint in Monroe County Circuit Court for misappropriate of funds.

63.    As of this date, Defendant Monroe County Board of Education and Monroe County Board of Education Superintendent Greg Shehan have never produced any proof that Plaintiff Lizzie Ingram ever misappropriated funds or had any intention to defraud Defendants in any way,

64.    Plaintiff Alicia Salter is a registered nurse who has been employed with the Monroe County Board of Education as a contracted employee commencing on October 5, 2020, to terminate on July 31, 2024. Plaintiff is considered a contracted  employee.

65.    Plaintiff Alicia Salter is a Caucasian female, who has been discriminated against by the Defendants on the basis of sex, age, and medical issues in retaliation for reporting such issues.

66.     On or about August 1, 2022, Plaintiff Alicia Salter signed a contract with Monroe County Board of Education Public School Contract employing her as a nurse for the term of two years at a salary of $7,000.00 per calendar month from August 1, 2022, to July 31, 2024.

67.     On or about October 4, 2022, a Monroe County Board of Education meeting was held to discuss a payment raise of the Monroe County Board of Education Superintendent Greg Shehan. Because Defendant Gregory Shehan still had a year left on his current contract at his current rate of pay, and under the direction of the Monroe County Board of Education member Ms. Barbara Turner, Vice Chair of the Monroe County Board of Education; the board agreed to discuss the contract renewal and pay increase of the Defendant Monroe County Board of Education Superintendent, Greg Shehan at a later date.

68.     On or about December 13, 2022, Plaintiff Alicia Salter received a letter from the Defendant Monroe County Board of Education Superintendent Greg Shehan, stating that said letter would serve as a 30-day Notice of Termination of her contract. Plaintiff Alicia Salter was told that the termination of her contract was no reflection on her work or performance of her duties however, her contract would terminate on January 13, 2023.

69.     As of this date, there has been no hearing scheduled to allow Plaintiff Alicia Salter to address the Monroe County Board of Education. Plaintiff is still currently seeking closer to home employment and has been unable to find work in the surrounding areas because of the poor reference she has received from the Monroe County Board of Education.

70.     As direct and proximate result of the Defendants Breach of Contract and failure to honor the Employment Agreement, in which the Plaintiff and Defendants collectively authorized and endorsed; Plaintiff suffered direct and foreseeable damages in amounts exceeding Five Hundred Thousand Dollars ($500,000.00) as well as the cost of attorney's fees and the filing of this action.

WHEREFORE, premises considered, Plaintiff requests this Honorable Court enter a Judgement against the Defendant's in the amount of $500,000.00 for declaratory relief, lost wages, compensatory and punitive damages; Plaintiff prays for attorney fees, the cost of this action, and for any such other, further, or different relief to which she may be entitled.

## COUNT I- TITLE VII RETALITION

### Title VII Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq

71.  Plaintiffs' Barbarietta Turner Pugh, L'Nari Turner, Lizzie Ingram and Alicia Salter adopt and realleges each and every allegation in paragraphs one (1) through sixty-nine (69), inclusive as if fully set forth herein.

72.  Defendants MCBOE, MCBOE Members, MCBOE Superintendent, Gregory Shehan and Fictious Defendants A-Z retaliated against Plaintiff's Barbarietta Turner-Pugh, L'Nari Turner, Lizzie Ingram and Alicia Salter because of their support for Defendant Barbara Turner, member of the MCBOE and her decision to table the pay raise request of Defendant Gregory Shehan and led the majority of the MCBOE to decline to increase the salary of Defendant Gregory Shehan.

73   Defendants MCBOE, MCBOE Members, MCBOE Superintendent, Gregory Shehan and Fictious Defendants A-Z retaliated against all Plaintiff's in violation of Title VII for opposing the discriminatory practices, namely the racial, gender, and age discrimination each was forced to endure by an agent of the Defendants MCBOE, MCBOE MEMBERS and Defendant Shehan by subjecting them to discriminatory actions, harassment, embarrassment, humiliation and libel and slander in defamatory statements  made by Defendant Gregory Shehan and some members of the MCBOE.

74.  All Plaintiffs originally filed EEOC charges alleging discrimination of race, sex, age, and retaliation.

75.  All Plaintiffs were discriminated against by Defendant Gregory Shehan and some Defendant members of the MCBOE after the MCBOE Superintendent,  Defendant Gregory Sheehan's request for pay increase and contract renewal was set aside to be reviewed at a later date by the Vice Chair, Defendant Barbara Turner of the MCBOE.

After Sheehan's pay increase was tabled and/or denied, Defendant Gregory Shehan publicly accused Plaintiff's Barbarietta Turner-Pugh and Lizzie Ingram of misappropriation of funds, and financial mismanagement.

75. Plaintiff Barbarietta Turner-Pugh was retaliated against in part because her salary was more than Defendant Gregory Sheehan's salary, and because she was the daughter of MCBOE Vice Chair, Defendant Barbara Turner.

76. Defendant Gregory Shehan also retaliated against Plaintiff Barbarietta Turner-Pugh in both verbal and written statements to the State Board of Education defaming Plaintiff Barbarietta Turner-Pugh because of her support for her mother, Defendant Barbara Turner, MCBOE Vice Chair and her determining vote, to table Defendant Gregory Sheehan's salary increase request and contract extension.

77. Defendant Gregory Sheehan's also displayed retaliatory conduct toward Plaintiff's Barbarietta Turner-Pugh and L'Nari Turner based upon their race, gender, and familial connection to MCBOE Vice Chair, Defendant Barbara Tuner, the mother of the two Plaintiffs identified herein. Both Plaintiff Barbarietta Turner-Pugh and her sister Plaintiff L'Nari Turner, were treated in a discriminatory manner, were denied due process, and were treated unfavorably compared to other employees with no other cause or reason than retaliation as well as racial and gender discrimination.

78. Plaintiff's Barbarietta Turner-Pugh and Lizzie Ingram were dismissed from their positions at the State Board of Education under the Contract with the 21ˢᵗ Century Grant without notice, without an opportunity for due process as a direct result of Defendant Gregory Shehan's false allegations of financial misappropriation and financial mismanagement.

79. Plaintiff Barbarietta Turner-Pugh was placed on administrative leave with MCBOE, causing her embarrassment, loss of prestige, and humiliation.

80. All Plaintiffs were terminated under the contract with the Alabama State Board of Education based upon the false allegations made by Defendant Gregory Shehan against Plaintiff Barbarietta Turner-Pugh. Defendant Gregory Shehan made allegation that Plaintiff Barbarietta Turner-Pugh was misappropriating Federal Grant funds although, in formal investigation, no misappropriations were found and there was no proof of wrongdoing on the part of Plaintiff Barbarietta Turner Pugh.

81.  Defendant Gregory Shehan, acting on his own reconnaissance, without directive by the MCBOE; contacted the State of Alabama Board of Education and made written false allegations against Plaintiff Barbarietta Turner-Pugh prompting a formal investigation of Plaintiff Barbarietta Turner-Pugh and her certification eligibility.

83.  Due to the retaliatory actions of Defendant Gregory Shehan and his false allegations alleging misappropriation of Federal Grant funds, the 21st Century Grant which funded many after school programs for students enrolled in Monroe County Public Schools, was terminated by the Alabama Department of Education, resulting in the loss of jobs for many employees working at Monroe County Public School.

84.  Plaintiffs L'Nari Turner and Alicia Salter were dismissed from their positions as nurses with the State Board of Education under an Employment Contract funded through ESSER II Grant without notice nor an opportunity for due process, as a result of the retaliatory conduct and false allegations by Defendant Gregory Shehan and his conduct was endorsed when Defendants MCBOE members voted on the request of Defendant Shehan to terminate the contracts.

85.  Plaintiff Lizzie Ingram was dismissed from her position with the MCBOE with the State Board  of Education under an Employment Contract funded through ARP II Homeless Grant without  notice nor an opportunity to be heard under her right to due process to address the false allegations related to the ARP II Homeless Grant and the Demand by the MCBOE for repayment of supplement under the ARP II Homeless Grant, as a result of the retaliatory conduct and false allegations by Defendant G Shehan. Defendant Shehan's conduct was endorsed when Defendants MCBOE members voted on the request of Defendant Shehan to terminate the contracts.

86.  All Plaintiff's professional reputations have been negatively impacted by the false allegations of the Defendants and Defendants discriminatory and retaliative conduct.

87.  All Plaintiffs have suffered embarrassment, loss of professional prestige, loss of income and humiliation due solely to Defendants discriminatory and retaliative conduct.

88.  As a direct and proximate result of the Defendants' unlawful and retaliatory conduct in violation of the Title VII Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq., all Plaintiffs identified herein suffered and continue to suffer severe mental anguish, emotional distress, including but not limited to depression, humiliation, embarrassment,

stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and loss of income and financial status, for which she is entitled to an award of monetary damages and other relief.

89.    Defendants' unlawful and retaliatory conduct in violation of the Title VII Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq., was outrageous and malicious, and was intended to injure the Plaintiffs, with conscious disregard of Plaintiffs' civil rights, entitling Plaintiffs to an award of punitive damages.

**WHEREFORE**, premises considered, all Plaintiffs identified herein request this Honorable Court enter a Judgement against the Defendants in the amount of $1,500,000.00 per plaintiff for declaratory relief, lost wages, compensatory and punitive damages; Plaintiffs pray for attorney fees, the cost of this action, and for any such other, further, or different relief to which she may be entitled.

### COUNT II- TITLE IX DISCRIMINATION

90.    Plaintiffs Barbarietta Turner-Pugh, L'Nari Turner, Lizzie Ingram, and Alicia Salter adopt and reallege each and every allegation in paragraphs one (1) through eighty-eight (88), inclusive as if fully set forth herein.

91.    Defendants MCBOE, MCBOE Members, MCBOE Superintendent Gregory Shehan and Fictious Defendants A-Z; discriminated against all Plaintiffs in violation of Title IX of the Education Amendments of 1972 for imposing the discriminatory practices, namely race, gender, and age discrimination they were forced to endure by Defendant Gregory Shehan, an agent of the Defendants MCBOE. Plaintiffs were subjected to discriminatory actions, public and professional harassment causing humiliation, loss of prestige, and public ridicule.

92.    Defendants MCBOE members failed to require investigative findings prior to Defendant Gregory Shehan acting on his personal feelings and using his official position as Superintendent of MCBOE, to make false defamatory allegations knowingly and intentionally against Plaintiff Barbarietta Turner-Pugh related to forging signatures and falsifying documentation to the Alabama State Board of Education and Plaintiff Lizzie Ingram to MCBOE.

93. Defendants MCBOE members failed to require a hearing related to any investigative action and/or findings against Plaintiff Barbarietta Turner-Pugh or Plaintiff Lizzie Ingram prior to Defendant Gregory Shehan acting on his personal feelings and using his official position as the Superintendent of MCBOE, to knowingly and intentionally, make false allegations against Plaintiff BarbariettaTurner-Pugh to the Alabama State Board of Education and Plaintiff Lizzie Ingram to MCBOE.

94. Defendants MCBOE members failed to take any action against Defendant Gregory Shehan related to his retaliatory, discriminatory, harassing, defamatory conduct and statements against Plaintiffs.

95. Plaintiff Barbarietta Turner-Pugh was discriminated against when Defendant MCBOE Superintendent Shehan, informed her that she would no longer be allowed to address the male coaches working for the school, but she would be allowed to address the female coaches. Defendant Shehan stated that because of her gender, race, and age she was unable to relate to the male coaches and her position was not valued by male coaches due to her gender.

96. Defendants MCBOE Members failed to take any action against Defendant Shehan for his harassing, discriminatory statements to Plaintiff Barbarietta Turner-Pugh related to Defendant Gregory Shehan's statements that Plaintiff BarbariettaTurner Pugh would no longer be allowed to address the male coaches working for the school, but she would be allowed to address the female coaches. Defendant Gregory Shehan stated that because of her gender, race, and age she was unable to relate to the male coaches and her position was not valued by male coaches due to her gender.

97. Defendants MCBOE Members failed to take any action to investigate or respond to the statements and voiced position of Defendant Gregory Shehan and his assertion that MCBOE employees, male coaches, and male teachers did not value Plaintiff Barbarietta Turner Pugh due to her race and gender.

98. All Plaintiffs were forced to endure hostile and differential treatment from the Defendants and other MCBOE employees due to the discriminatory actions of the Defendants MCBOE, MCBOE Superintendent Gregory Shehan and other members of the faculty and employees of the MCBOE; in violation of Title IX and in violation of the civil rights of all Plaintiffs based on either their race, gender or age.

99.    As a direct and proximate result of the Defendants' unlawful and discriminatory conduct in violation of Title IX, all Plaintiffs identified herein have suffered and continue to suffer severe mental anguish and emotional distress; including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which all Plaintiffs are entitled to an award of monetary damages and other relief.

100.   Defendants' unlawful and discriminatory conduct in violation of Title IX was outrageous and malicious, was intended to injure all Plaintiffs professional reputations and was done with conscious disregard of the civil rights of all Plaintiffs identified herein, entitling all Plaintiffs to an award of punitive damages.

**WHEREFORE**, premises considered, Plaintiffs requests this Honorable Court enter a Judgement against the Defendants in the amount of $375,000.00 per plaintiff for declaratory relief, lost wages, compensatory and punitive damages and further order the Defendants reinstate the Plaintiffs to their pre-suit level of employment with pay; Plaintiff prays for attorney fees, the cost of this action, and for any such other, further, or different relief to which she may be entitled.

### COUNT III- EQUAL PAY ACT TITLE 29
### U.S.C. 206 and 206(d), Family Medical Leave Act 29 U.S.C. § 5105(b)

101.   Plaintiffs Turner-Pugh, Turner, Salter, and Ingram adopts and realleges each and every allegation in paragraphs one (1) through one hundred (100), inclusively as if fully set forth herein.

102.   Defendants MCBOE, MCBOE Superintendent, Shehan and Fictious Defendants A-Z discriminated against Plaintiffs Turner-Pugh, Turner, Salter and Ingram in violation of Title 29 for imposing the discriminatory practices, namely race, gender, and age discrimination she was forced to endure by an agent of Defendants MCBOE and Employees of Defendants MCBOE, where Plaintiffs, were subjected to discriminatory actions, harassment, and humiliation by Defendant Shehan, and endorsed by complicit members of the MCBOE in part because the Defendant Shehan opposed the amount of money each of the Plaintiffs were contractually receiving under employment contracts

after he did not receive a pay raise to an amount that was greater than each of the Plaintiffs in this complaint.

103. Defendants MCBOE, MCBOE Members, Greg Shehan and Fictious Defendants A-Z discriminated against Plaintiffs Barbarietta Turner-Pugh and Lizzie Ingram when they intentionally and maliciously publicly removed Plaintiff Barbarietta Turner-Pugh and Lizzie Ingram from their respective offices and precluded them access to any files related to the 21st Century Grant or MCBOE based in part on their support Defendant MCBOE Member Barbara Turner's action to table/deny the salary increase request of Defendant Shehan.

104. Defendants MCBOE, MCBOE Members, MCBOE Superintendent Defendant Gregory Shehan and Fictious Defendants A-Z discriminated against Plaintiff BarbariettaTurner-Pugh when they intentionally and maliciously removed access of Plaintiff Barbarietta Turner-Pugh to the files related to the 21st Century Grant, placed her on administrative leave and falsely accused her of misappropriation of funds based in part on Plaintiff Barbarietta Turner-Pugh's support of Defendant MCBOE Member Barbara Turner and her action to table/deny the salary increase request of Defendant Shehan.

105. Defendants MCBOE, MCBOE Members, MCBOE Superintendent Defendant Gregory Shehan and Fictious Defendants A-Z discriminated against Plaintiff Lizzie Ingram when they intentionally and maliciously removed access of Plaintiff Lizzie Ingram to the files related to the 21st Century Grant, placed her on administrative leave and falsely accused her of misappropriation of funds based in part on Plaintiff Lizzie Ingram's support of Plaintiff Barbarietta Turner-Pugh and Defendant MCBOE Member Barbara Turner and her action to table/deny the salary increase request of Defendant Shehan.

106. Defendant Gregory Shehan placed the Plaintiff Barbarietta Turner-Pugh on administrative leave, accused her of misappropriation of funds, and falsely reported her to the Alabama State Board of Education due to the actions of Plaintiff Barbarietta Turner-Pugh's and MCBOE member Defendant Barbara Turner's decision to table/deny Defendant MCBOE Superintendent Gregory Shehan's request for a proposed raise in pay prior to the end of his contract. Monroe County Board of Education Superintendent, Greg Shehan was unhappy that the Plaintiff Barbarietta Turner-Pugh was making more money than he and acted in retaliation to Plaintiff Barbarietta Turner-Pugh by placing her on

Administrative Leave and reported knowingly false information regarding her to Alabama State Board of Education.

107. Defendant MCBOE Superintendent Shehan was angry that e Plaintiff Barbarietta Turner-Pugh, a contract employee under a funding grant which employed nurses Plaintiffs L'Nari Turner and Alicia Salter to work in the Monroe County School System; were all making more money than Defendant Shehan.

108. Defendant Shehan was angry that Plaintiffs Barbarietta Turner-Pugh and L'Nari Turner were the daughters of the MCBOE member Defendant Barbara Turner, and Defendant Shehan acted in retaliation to all Plaintiffs based on their gender, race, medical disabilities and their support of Defendant Barbara Turner tabling the vote/denial of Defendant Shehan's request for pay increase and contract extension by the MCBOE.

109. As a direct and proximate result of the Defendants' unlawful and discriminatory conduct in violation of Title 29, all Plaintiffs have suffered and continue to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and financial loss, for which Plaintiffs' are entitled to an award of monetary damages and other relief.

110. Defendants' discriminatory conduct in violation of Title 29 was outrageous and malicious, was intended to injure Plaintiffs, and was done with conscious disregard of Plaintiffs' civil rights, entitling Plaintiffs to an award of punitive damages.

**WHEREFORE**, premises considered, Plaintiffs identified herein request this Honorable Court enter a Judgement for each of the Plaintiffs' individually and against the Defendants' in the amount of $300,000.00 for each Plaintiff, or the award of the jury for declaratory relief, lost wages, compensatory and punitive damages; Plaintiffs prays for attorney fees, the cost of this action, and for any such other, further, or different relief to which each may be entitled.

## COUNT III-DEFAMATION OF CHARACTER

### Alabama Code §6-5-182 et al

111.         Plaintiff Turner-Pugh adopts and realleges each and every allegation in
paragraphs one (1) through one hundred ten (110), inclusively as fully set forth herein.

112.    Plaintiff Turner-Pugh and Plaintiff Ingram adopts and realleges that the Defendants
deliberately and publicly, by word of mouth, social media and press, defamed the
Plaintiffs' professional and individual character as an administrator, educator, grant
writer, grant coordinator, and trusted employee of the Monroe County Board of
Education.

113.  Defendants published discriminatory, racial, gender, and retaliatory statements provided
publicly disclosed unofficial reasons upon which Turner-Pugh was placed on
administrative leave. This defamation of Turner-Pugh's character caused mental,
emotional and financial damage to the Plaintiff, and her children who currently still
attend Monroe County Public Schools.

114.  Plaintiff Turner-Pugh adopts and realleges that the actions of the Defendants Sheehan,
and the MCBOE in which Shehan reported unfounded, unsupported, and unsubstantiated
information to the Alabama Department of Education, causing the certification of the
Plaintiff to come under review; initiated a false anonymous report that was deliberate
libel and slanderous and caused the Plaintiff Turner-Pugh to suffer irrevocable emotional
and mental damage, as well as damage to her reputation and the reputation of her family
and financial damages related to the investigation and terminations of contracts for
employment with the Ala State Board of Education. The MCBOE failed to conduct any
review or investigation in the false allegations and failed to comply with policies and
procedures in allowing Shehan to take arbitrary and capricious action against Turner-
Pugh when he provided false information to the Ethics Investigator and when false
allegations were made to the State Board of Education related to Turner-Pugh.

115.  Plaintiff L'nari Turner, adopts and realleges that the Defendants deliberately and
publicly, by word of mouth and press, defamed Plaintiff L'Nari Turner's professional
and individual character as a Registered Nurse, and trusted member of the Monroe
County Board of Education by preventing her from finding new employment and giving
untrue and derogatory references to potential employers. This defamation of her character

caused mental, emotional, and financial damage to Plaintiff, L'Nari Turner, her children and family who currently still attend Monroe County Public Schools.

116.    Plaintiff Ingram and Turner-Pugh adopts and realleges that the Defendants deliberately and publicly, by word of mouth, social media and press, defamed the Plaintiff's professional and individual character as an administrator, educator, and trusted member of the Monroe County Board of Education by stating unpublished, undiscussed, and unofficial reasons upon which she was placed on administrative leave. This defamation of her character caused mental and emotional damage to the Plaintiff, and her children who currently still attend Monroe County Public Schools.

117.    Plaintiff Salter Plaintiff adopts and realleges that the Defendants deliberately and publicly, by word of mouth and press, defamed the Plaintiff's professional and individual character as a Registered Nurse, and trusted member of the Monroe County Board of Education by preventing her from finding new employment and giving untrue and derogatory references to potential employers. This defamation of her character caused mental and emotional damage to the Plaintiff, and resulted in financial damages to her, her children and family who currently still attend Monroe County Public Schools and reside in the community.

118.    Defendants MCBOE, MCBOE Superintendent, Shehan and Fictious Defendants A-Z discriminated against Plaintiff, Salter, and Turner when they intentionally and maliciously terminated  Plaintiff Salter's contract as a Nurse, and when these same Defendants terminated Plaintiff Turner's Contract as a Nurse when each spoke out against Monroe County Board of Education Superintendent, Shehan, requested copies of their current contracts and were the recipients of Defendant Shehan's discriminatory practices related to forcing Plaintiff Salter to endure discriminatory actions particularly the refusal for accommodations as well as termination based on her medical issues that have been well document and were reported to Defendants, MCBOE, Defendant Shehan and other administrative employees of Defendant MCBOE.

119.    Plaintiff Turner was subjected to discrimination based on her gender, race, and relationship to a Board Member, Defendant Barbara Turner, who voted to table the request of Defendant Shehan to increase his salary and extend his contract, which was not up for renewal at the time.

120. After Plaintiff Salter reported and documented all her medical issues to the Defendants and requested accommodations, she was subjected to discriminatory actions by Defendant Shehan and Defendant MCBOE in that her contract was terminated because she would not accept a reduction in pay.

121. Plaintiff Ingram adopts and realleges that the actions of the Defendants in which they reported unfounded, unsupported, and unsubstantiated information related to financial mismanagement to the Alabama Department of Education, and the Alabama Ethics Commission and to Defendants MCBOE, subjecting Plaintiff Ingram to be terminated from her position as CFO and terminated her position under the Grant authorized by the Alabama State Board of Education. These libelous, slanderous reports and accusations of Defendants Shehan, some members of the MCBOE , the failure of the MCBOE to afford any of the Plaintiffs their rights under due process and opportunity to be heard on the allegations with Defendants Sheehan and MCBOE caused the certification of the Plaintiff Ingram to come under review; resulted in public humiliation through press releases and public statements by Defendant Shehan to the Media, was deliberately slanderous and false and caused Plaintiff Ingram to suffer irrevocable emotional, mental damage, as well as damage to her reputation , public scorn and humiliation and further negatively impacted the reputation of her family. The Conduct of Defendant Shehan was deliberate and malicious, when he made public statements, publicly removed the Plaintiff Ingram from the building.

122. Additionally, Defendants Shehan and MCBOE continued to interject the signature of Plaintiff Ingram on a multitude of financial documentation despite having first placed her on administrative leave and having made the allegations of financial mismanagement and the taking of or accepting money not previously approved by Defendant Shehan or the MCBOE.

123. Defendant's discriminatory conduct in violation of Title 29 was outrageous and malicious, was intended to injure the Plaintiff and was done with conscious disregard of Plaintiffs' civil rights, entitling Plaintiffs to an award of punitive damages.

124. As direct and proximate result of the Defendant Sheehan's deliberate and public defamation of Plaintiffs' Turner-Pugh, Turner, Salter, and Ingram professional and individual character; Plaintiff suffered direct and foreseeable damages in amounts

exceeding one million five hundred Thousand Dollars ($1,500,000.00) collectively as well as the cost of attorney's fees and the filing of this action.

WHEREFORE, premises considered, Plaintiffs requests this Honorable Court enter a Judgement against the Defendants in the amount of $1,500,000.00 collectively for declaratory relief, lost wages, compensatory and punitive damages per Plaintiff for defamation; Plaintiffs pray for attorney fees, the cost of this action, and for any such other, further, or different relief to which each may be entitled.

## COUNT IV- BREACH OF CONTRACT

125. Plaintiffs Turner-Pugh, Turner, Salter, and Ingram adopts and realleges each and   every allegation in paragraphs one (1) through one hundred twenty-four (124),   inclusively as fully set forth herein.

126. On or about July 01, 2014, Plaintiff  Turner-Pugh signed a contract with Monroe County Board of Education Public School Contract employing her as the Director of Student Services for the term of one year at a salary $68,366.00 payable $5668.82 per calendar month from September of 2014 to August of 2015.

127. Plaintiff Turner-Pugh signed a contract with Monroe County Board of Education Public School under a salary of $146, 788.02 at the time of the retaliatory, breach of contract and defamatory conduct of the Defendants. The Grant was approved by the Defendants and the funding from the Grant was approved in the Budget and was not amended by the Board at any time.

128. Plaintiffs Turner and Salter had a contract for $84,000 per year as a Registered Nurse under the MCBOE Approved Grant that was included in the Budge approval. The Budget was never amended.

129. Plaintiff Ingram had an employment salary of $91,820 per year plus the approved supplement in the Homeless ARP II grant that was preapproved by the Defendants MCBOE, and Members of the MCBOE and this funding was contained in the budget that was approved by the Defendants in this case. The Budget was never amended.

130. On or about September 17, 2015, the acting superintendent of Monroe County Board of
Education, made a decision to eliminate contracts for all certified personnel in
authorization of the Students First Act of 2011. Under the Student First Act of 2011, only
three (3) certified employee positions that require contracts. They are the Superintendent,
the Chief School Financial Officer, and Principals. All other certified employees of the
school system are on the "tenure" track of the Student First Act. Plaintiff Turner-Pugh
qualified for "tenure".

131. On or about December 7, 2022, Monroe County Board of Education Superintendent,
Greg Shehan, received a letter from Eric G. Mackey, Alabama State Superintendent of
Education, stating "Pursuant to paragraph five of contract number C230011, please allow
this letter to serve as written notification that the Alabama State Department of Education
(ALSDE) is terminating contract number C230011 related to Regional Safety
Coordinators, (Plaintiff Turner-Pugh's position) effective 30 days from receipt of this
letter." The termination of this contract was direct result of the formal complaint that was
filed against the Plaintiff, by Monroe County Board of Education Superintendent, Greg
Shehan, before an investigation had been completed into the false and alarming
allegations against Plaintiff Turner-Pugh by the Defendants and prior to any due process
hearing being held that would allow Plaintiff Turner-Pugh to demonstrate the allegations
were unfounded; Defendant Shehan initiated a report to the Alabama State Board of
Education and to the Alabama Ethics Commission containing false allegations against
Plaintiff Turner-Pugh resulting in her termination.

132. Plaintiffs adopt and realleges that the Defendants owed a duty to the Plaintiffs to honor
the contractual agreements that each of the Plaintiffs had with the MCBOE.

133. The Defendants knowingly and collectively authorized and endorsed the breach of
contractual agreements initiated by Defendant Shehan, against Plaintiffs' Turner-Pugh,
Turner, Salter and Ingram. By placing Plaintiff Turner-Pugh on forced administrative and
terminating the contract of Plaintiffs' Salter and Turner and demanding each take a pay
reduction under a new employment contract in contradiction to their original employment

contracts, without cause and outside the compliance of the grant for which each was paid, and in terminating Plaintiff Ingram on mere allegations by Defendant MCBOE Superintendent, Shehan; with no notice, due process, hearing or chance for Plaintiffs to defend or offer evidence to prove the allegations were false, Defendants violated the terms of the contractual agreements of all Plaintiffs in this action as well as the applicable MCBOE policies.

134. As direct and proximate result of the Defendants' Breach of Contract actions and failure to honor the Employment Agreements of the Plaintiffs. These Employment Agreements between Plaintiffs and Defendants authorized and endorsed were breached and violated by the Defendants. Further, Defendants MCBOE and MCBOE Members in conjunction with Defendant Shehan demand that Plaintiff Turner and Salter take a pay reduction without cause for their continued employment. Plaintiffs Turner Pugh and Ingram received threats of criminal prosecution on the part of the Defendants and have sent threats of suit and investigation with the State Board of Education and the State of Alabama Ethics Division based upon the false, misleading and malicious allegations against Plaintiffs Ingram and Turner-Pugh. All Plaintiffs have suffered direct and foreseeable damages in amounts exceeding Five Hundred Thousand Dollars ($500,000.00) collectively including back pay/front pay/ and interest pursuant to the breach of Plaintiffs employment contracts and the defamatory and malicious actions of Defendant Shehan and the complicity of Defendants MCBOE members as well as the cost of attorney's fees and the filing of this action as a proximate and direct result of the conduct of the Defendants.

**WHEREFORE**, premises considered, Plaintiffs requests this Honorable Court enter a Judgement against the Defendants in favor of each Plaintiffs in this action in an amount in excess of $500,000.00 individually for each Plaintiff for declaratory relief, lost wages, front and back pay and interest; and further order each to be reinstated. Plaintiffs prays for attorney fees, the cost of this action, and for any such other, further, or different relief to which each may be entitled.

## COUNT V

### Family Medical Leave Act 29 U.S.C. § 5105(b),

### Americans with Disabilities Act of 1990 Title I §102,131.

135.    Plaintiff Salter adopts and realleges each and every allegation in paragraph one (1) through one hundred thirty-four (134) as fully set forth herein.

136.    Plaintiff Salter is a registered nurse who has been employed with the Monroe County Board of Education as a contracted employee commencing on August 1, 2022 for the term of 2 years, to terminate on July 31, 2024. Plaintiff is considered a contracted employee.

137.    Plaintiff is a Caucasian female, who has been discriminated against by the Defendants on the basis of sex, age, and medical issues in retaliation for reporting such issues.

138.    On or about August 1, 2022, Plaintiff signed a contract with Monroe County Board of Education Public School Contract employing her as the Director of Student Services for the term of two years at a salary of $7,000.00 per calendar month from August 1, 2022 to July 31, 2024.

139.    On or about October 4, 2022, a Monroe County Board of Education meeting was held to discuss a payment raise of the Monroe County Board of Education Superintendent Greg Shehan. Because Mr. Shehan still had a year left on his current contract at his current rate of pay, and under the direction of the Plaintiff's Mother Ms. Barbara Turner who is Vice Chair of the Monroe County Board of Education; the board agreed to discuss the contract renewal and pay increase of the Monroe County Board of Education Superintendent, Greg Shehan at a later date.

140.    On or about December 13, 2022, Plaintiff received a letter from the Defendant Monroe County Board of Education Superintendent Greg Shehan, stating that said letter would serve as a 30-day Notice of Termination of her contract. Plaintiff was told that the termination of her contract was no reflection on her work or performance of her duties however, her contract would terminate on January 13, 2023.

141.    As of this date, there has been no hearing scheduled to allow Plaintiff Salter to address the Monroe County Board of Education. Plaintiff Salter is still currently seeking employment and has been unable to find work in the surrounding areas because of the poor reference she has received from the Monroe County Board of Education.

142.  Plaintiff Salter originally filed an EEOC charge alleging discrimination of sex, age, and medical diagnosis retaliation.

143.  Plaintiff Salter was discriminated against after the Monroe County Board of Education Superintendent, Greg Shehan's request for pay increase and contract renewal was set aside to be reviewed at a later date by the Vice Chair of the Monroe County Board of Education. After that decision, Plaintiff was told her contract would terminate.

144.  Defendants Monroe County School System, Monroe County Board of Education, Monroe County Board of Education Superintendent, Greg Shehan and Fictious Defendants A-Z discriminated against Plaintiff in violation of the Family Medical Leave Act 29 U.S.C. § 5105(b), for imposing the discriminatory practices, namely unfair treatment due to medical diagnosis, discrimination she was forced to endure by an agent if the Defendant, by subjecting her to discriminatory actions, harassment, and humiliation.

145.  Defendants Monroe County School System, Monroe County Board of Education, Monroe County Board of Education Superintendent, Greg Shehan and Fictious Defendants A-Z discriminated against Plaintiff when they intentionally and maliciously terminated the Plaintiff's contract, when she spoke out against Monroe County Board of Education Superintendent, Greg Shehan and his discriminatory practices she was forced to endure after she reported and documented all her medical issues to the Defendants but was still subjected to discriminatory actions as well as termination based on her medical issues.

146.  As a direct and proximate result of the Defendant's unlawful and discriminatory conduct in violation of the Family Medical Leave Act, the Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

147.  Defendant's discriminatory conduct in violation of the Family Medical Leave Act, was outrageous and malicious, was intended to injure Plaintiff Salter, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

WHEREFORE, premises considered, Plaintiff requests this Honorable Court enter a Judgement against the Defendant's in the amount of $300,000.00 for declaratory relief, lost wages, back or front pay; reinstatement with the necessary accommodations to accommodate Plaintiff Salter's medical disability; and Plaintiff Salter prays for attorney fees, the cost of this action, and for any such other, further, or different relief to which she may be entitled.

Dated this the _____1st_____ day of _____August_____, 2023.

## PLAINTIFF ATTESTATION

I am the Plaintiff in the above-styled action, I have read the foregoing Complaint and the facts stated herein are true and correct to the best of my knowledge.

_____
DR. BARBARIETTA TURNER-PUGH, Plaintiff

STATE OF ALABAMA
COUNTY OF MOBILE

Personally appeared before me, the undersigned, a Notary Public, in and for paid State and County, DR. BARBARIETTA TURNER-PUGH, who have been first duly sworn, deposes and says that he has read the statements contained in the foregoing responses and that the same are true and correct to the best of her knowledge and belief.

SWORN TO AND SUBCRIBED before me on this the _____1st_____ day of _____August_____, 2023.

_____
NOTARY PUBLIC

```
ERROR: undefinedresult
OFFENDING COMMAND: eofill
STACK:
```
**PLAINTIFF ATTESTATION**

I am the Plaintiff in the above-styled action, I have read the foregoing Complaint and the facts stated herein are true and correct to the best of my knowledge.

LIZZIE INGRAM, Plaintiff

STATE OF ALABAMA
COUNTY OF MOBILE

Personally appeared before me, the undersigned, a Notary Public, in and for paid State and County, LIZZIE INGRAM, who have been first duly sworn, deposes and says that he has read the statements contained in the foregoing responses and that the same are true and correct to the best of her knowledge and belief.

SWORN TO AND SUBCRIBED before me on this the ___1st___ day of ___August___, 2023.

**PLAINTIFF ATTESTATION**

I am the Plaintiff in the above-styled action, I have read the foregoing Complaint and the facts stated herein are true and correct to the best of my knowledge.

ALICIA SALTER, Plaintiff

STATE OF ALABAMA
COUNTY OF MOBILE

Personally appeared before me, the undersigned, a Notary Public, in and for paid State and County, ALICIA SALTER, who have been first duly sworn, deposes and says that he has read the statements contained in the foregoing responses and that the same are true and correct to the best of her knowledge and belief.

SWORN TO AND SUBCRIBED before me on this the ___1st___ day of ___August___, 2023.

NOTARY PUBLIC



PLAINTIFF ATTESTATION

I am the Plaintiff in the above-styled action, I have read the foregoing Complaint and the facts stated herein are true and correct to the best of my knowledge.

_____
L'NARI TURNER, Plaintiff

STATE OF ALABAMA
COUNTY OF MOBILE

Personally appeared before me, the undersigned, a Notary Public, in and for paid State and County, L'NARI TURNER, who have been first duly sworn, deposes and says that he has read the statements contained in the foregoing responses and that the same are true and correct to the best of her knowledge and belief.

SWORN TO AND SUBCRIBED before me on this the ____1st____ day of ____August____, 2023.



NOTARY PUBLIC

/s/Christine C. Hernandez
CHRISTINE C. HERNANDEZ(HER051)
ASB: 8252I64H
THE HERNANDEZ FIRM, LLC
P.O. Box 66174
Mobile, Alabama 36606
(251) 479-1477
(251) 650-3843 (fax)
        Christine@equalizingjustice.com

/s/James Adam Muns
JAMES ADAM MUNS(MUN019)
ASB: 1785N23W
Attorney for the Defendant
Post Office Box 66174
Mobile, AL 36660-1174
(251) 479-1477  Phone
(251) 650-3843  Fax
        james@equalizingjustice.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___1ˢᵗ___ day of ___August___, 2023, I have electronically filed the foregoing with the Clerk of the Court using the CM/CMF document filing system and served a copy of the foregoing by electronic filing and/or placing a copy of the same in the United States mail, properly addressed and first-class postage prepaid to the following:

Monroe County School Board
109 Pickens St.
Monroeville, AL 36460

Monroe County Board of Education
109 Pickens St.
Monroeville, AL 36460

Monroe County Board of Education Superintendent
Gregory Shehan
80 Mineola Church Road
Uriah, AL 36480

Tony Powell
Monroe County Board of Education Member
426 Powell Road
Uriah Alabama 36480

Kenneth Smith
Monroe County Board of Education Member
139 Pike Street
Monroeville AL 36460

Martha Jordan
Monroe County Board of Education Member
1204 Fred Jordan Road
Monroeville Al 36460

Sabrina Kidd
Monroe County Board of Education Member
285 Tower Road
Monroeville Al 36460

Barbara Turner
Monroe County Board of Education Member
251 Blue Ridge Dr
Monroeville, AL 36460