IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BARBARIETTA TURNER-PUGH, Ph.D., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) CIV. ACT. NO. 1:23-cv-294-TFM-N |
| MONROE COUNTY BOARD OF EDUCATION, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

On August 16, 2024, the Magistrate Judge entered a Report and Recommendation which recommends: (1) The Plaintiff's response brief (Doc. 26) be treated as a Rule 41(a)(1)(A)(i) notice of voluntary dismissal of all claims against the Defendant Monroe County School System, (2) the Defendants' motion to dismiss (Doc. 21) be granted in part, denied in part, and found moot in part. *See* Doc. 28.  Plaintiffs timely filed objections (Doc. 29) and Defendants timely replied (Doc. 31). The Report and Recommendation is now ripe for review.

The Plaintiffs' objections are only as to one specific matter in the Report and Recommendation – that is that Defendant Monroe County Board of Education is immune from liability for the breach of contract claim (Count 5).  Doc. 29.  Therefore, the Court applies a *de novo* standard of review to that portion of the recommendation and a clearly erroneous standard to the remainder.  In reviewing the objection, Plaintiff does not offset the well-reasoned analysis of the Magistrate Judge. Therefore, for the reasons stated in the Report and Recommendation and in the response to objections filed by the Defendants (Doc. 31), the objections are **OVERRULED**.

The Court does note one addition to the Report and Recommendation.  The Magistrate

Judge recommends that Plaintiffs' response brief (Doc. 26) be treated as a Rule 41(a)(1)(A)(i) notice of voluntary dismissal of all claims against the Monroe County School System, effective upon its filing. *See* Doc. 28 at 4-5, 25-26. The Court does not find this to be clearly erroneous but does note some uncertainty in the application of Rule 41(a)(1) in the Eleventh Circuit.

The Rules of Civil Procedure permit a plaintiff to voluntarily dismiss an action without an order of the court "by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A). A request to dismiss an action requires a court order and dismissal by terms the court considers "proper" if Fed. R. Civ. P. 41(a)(1) does not apply. FED. R. CIV. P. 41(a)(2).

In the situation at hand, Plaintiffs do not cite Rule 41, they do not explicitly ask for or indicate dismissal, but merely concede the point that all Monroe County School System is not a distinct legal entity subject to suit and all references should be understood to be claims against the Monroe County School Board. Doc. 26 at 6. That concession is in Plaintiffs' response and not a standalone document which causes the undersigned pause. Unlike the caselaw cited by the Magistrate Judge, this is not styled as a motion to dismiss, but rather is a concession statement embedded in the motion to dismiss.

As Plaintiffs did not object to the Report and Recommendation, the Court assumes that they agree with the Magistrate Judge in the application of Rule 41(a)(1)(A)(i) as no answer or summary judgment motion has been filed. The Court applies the clearly erroneous standard and cannot find that this determination is clear error. However, as the undersigned does have some concerns about the application, the Court adds these alternative holdings in the event Rule 41(a)(1) is not applicable in such a situation.

One could approach this situation three ways: (1) the manner in which the Magistrate Judge did in construing the document as one under Rule 41(a)(1)(A)(i); (2) construing the request as one brought under Rule 41(a)(2); or (3) simply granting the motion to dismiss as to the Monroe County School System. The main difference between options 1 and 2 is whether the document is immediate and self-effectuating which is the case under Rule 41(a)(1). *See Estate of West v. Smith*, 9 F.4th 1361, 1367-1368 (11th Cir. 2021) (noting that a Rule 41(a)(1) is a self-executing rule that is effective immediately, that any court order is a nullity, and divests the Court of jurisdiction.). Whereas Rule 41(a)(2) requires Court review and an approval.

However, out of an abundance of caution, the Court also notes that Options 2 and 3 have the same effect albeit by using a different path. In the event that Rule 41(a)(1)(A)(i) would not apply, the Court could also consider Options 2 and 3 which have the same ultimate effect – dismissal of the Monroe County School System.

The Court has the authority to dismiss all claims against a defendant under Fed. R. Civ. P. 41 even if there are other defendants in the case. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("[Fed. R. Civ. P.] 41 allows a plaintiff to dismiss all of his claims against a particular defendant . . . ."); *see also Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973) ("There is little merit in the argument that the court could not dismiss the action as to less than all defendants upon motion [under (a)(2)] . . . ."); *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting all decisions of the former Fifth Circuit announced prior to October 1, 1981, as binding precedent in the Eleventh Circuit). In *Rosell v. VMSB, LLC*, the Eleventh Circuit reiterated the point that Rule 41(a) allows a district court to dismissal claims against a particular defendant because "an 'action' can refer to all claims against one party. 67 F.4th 1141, 1144 n. 2 (11th Cir. 2023) (citing

*Klay*, 376 F.3d at 1106). However, in the situation at hand, similar to the issues with Option 1, there is not an explicit request to dismiss this defendant, but rather a concession to a legal point raised in the motion to dismiss. However, in the event the request can be construed as a motion to dismiss, the Court would certainly grant it under Rule 41(a)(2).

In the alternative to the extent that the response (Doc. 26) could not be construed as a voluntary dismissal under Rule 41(a)(1)(A)(i), the Court would also have granted the Plaintiff's under Rule 41(a)(2) or ultimately just granted the motion to dismiss as to that defendant. Regardless, the claims against Monroe County School System are dismissed without prejudice.

On conclusion, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Recommendation of the Magistrate Judge (Doc. 28) is **ADOPTED** as the opinion of this Court and the Defendants' motion to dismiss (Doc. 21) is **GRANTED in part**, **DENIED in part**, and **DENIED in part as moot**. Accordingly, it is **ORDERED** as follows:

(1) The motion is **DENIED as moot** as it relates to the Monroe County School System who is dismissed without prejudice from this action at Plaintiff's concession/request.

(2) The motion is **GRANTED** as to:

   a. Fictitious Defendants A-Z and the reference to these fictitious defendants is stricken and the parties are **DISMISSED without prejudice**;

   b. The state law claims (Count III – Defamation and Count V – Breach of Contract) asserted against the Monroe County Board of Education as **DISMISSED without prejudice**;

   c. The claims asserted against Shehan in his individual capacity in Counts I (Title VII), II (Title IX), and VIII (Equal Pay Act) which are **DISMISSED with**

**prejudice**.

(3) The motion to dismiss is partially construed as a Rule 12(f) motion to strike which is **GRANTED**

   a. As to the official-capacity claims against Shehan in Counts I, II, and VIII, such that they are **STRICKEN** as redundant;

   b. As to the demand for punitive damages made in Count I its entirety, and as to the punitive damages demands in Counts III and V to the extent they are asserted against the Board and against Shehan in his official capacity, such that they are **STRICKEN** as immaterial and/or impertinent.

(4) The motion to dismiss is otherwise **DENIED**.

In light of this ruling, it is further **ORDERED** that the issuance of a scheduling order shall be referred to the Magistrate Judge.

**DONE** and **ORDERED** this 16th day of September, 2024.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE