IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BARBARIETTA TURNER-PUGH, *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | CIVIL ACT. NO. 1:23-cv-294-TFM-N |
| ) | |
| MONROE COUNTY BOARD OF ) | |
| EDUCATION, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is *Defendants' Motion to Dismiss and/or Strike Portions of Plaintiffs' Second Amended Complaint* (Doc. 48, filed February 13, 2025) in which Defendants Monroe County Board of Education and Gregory Shehan motion the Court, pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f), dismiss and/or strike certain claims that are brought against them by Plaintiffs Barbarietta Turner-Pugh, L'Nari Turner, Lizzie Ingram, and Alicia Salter in the Second Amended Complaint. Having considered the motion, response, reply, and relevant law, the Court finds the motion to dismiss is due to be **DENIED** and the motion to strike is due to be **GRANTED**.

### I.     PROCEDURAL BACKGROUND

On August 1, 2023, Plaintiffs Barbarietta Turner-Pugh ("Turner-Pugh"), L'Nari Turner ("Turner"), Lizzie Ingram ("Ingram"), and Alicia Salter ("Salter") (collectively, "Plaintiffs") originally filed with this Court their Complaint in which they brought claims against the Monroe County Board of Education ("the MCBOE") and the members of the MCBOE, in their official capacities, Superintendent Gregory Shehan ("Shehan"), Tony Powell, Barbara Turner, Martha Jordan, Kenneth V. Smith, and Sabrina Kidd (collectively, the members of the MCBOE will be

referred to as, "the MCBOE members"). Doc. 1. The claims include (1) retaliation in violation of Title VII of the Civil Rights Act of 1964, (2) discrimination in violation of Title IX, (3) violation of the Equal Pay Act ("the EPA"), (4) defamation, (5) breach of contract, and (6) violation of the Family Medical Leave Act ("the FMLA"). *Id.*

On August 31, 2023, the MCBOE and MCBOE's members filed a motion to dismiss (Doc. 11), pursuant to Fed. R. Civ. P. 12(b)(6), and brief in support (Doc. 12). Plaintiffs filed a response to the motion to dismiss in which they conceded the Complaint was due to be amended and requested the Court grant them leave to amend the Complaint to cure certain deficiencies. Doc. 15. The Court granted Plaintiffs' request to amend the Complaint and denied as moot the motion to dismiss. Doc. 17.

Plaintiffs filed an amended complaint on October 4, 2023, in which they brought claims against the MCBOE and Shehan, in his individual and official capacities, (collectively, "Defendants") as well as fictitious defendants. Doc. 18. The claims include (1) discrimination/retaliation in violation of Title VII of the Civil Rights Act of 1964, (2) discrimination in violation of Title IX, (3) defamation, (4) breach of contract, and (5) violation of the Americans with Disabilities Act ("the ADA"). *Id.*

On October 18, 2023, Defendants filed a motion to dismiss the amended complaint (Doc. 21), pursuant to Fed. R. Civ. P. 12(b)(6), and brief in support (Doc. 22), for which Plaintiffs filed a response to the motion (Doc. 26). The assigned Magistrate Judge entered a Report and Recommendation in which she recommended: (1) Plaintiffs' response to the motion to dismiss the amended complaint be treated as a Fed. R. Civ. P. 41(a)(1)(A)(i) notice of voluntary dismissal of all claims against Defendant Monroe County School System and (2) Defendants' motion to dismiss the amended complaint be granted in part, denied in part, and found moot in part. Doc. 28.

Plaintiffs filed objections (Doc. 29) to the Report and Recommendation and Defendants filed a reply (Doc. 31).  The undersigned adopted the recommendation of the Magistrate Judge and ordered as follows: (1) the motion to dismiss the amended complaint was denied as moot as it related to the Monroe County School System, which was dismissed without prejudice from the action due to Plaintiffs' concession/request; (2) the motion was granted as to (a) the fictitious defendants, who were stricken and dismissed without prejudice, (b) the state-law claims (Counts 3 and 4) that were brought against the MCBOE, which were dismissed without prejudice, (c) the claims that were asserted against Shehan in his individual capacity (Counts 1, 2, and 8), which were dismissed with prejudice; (3) the motion was partially construed as a Fed. R. Civ. P. 12(f) motion to strike that was granted, and the official-capacity claims against Shehan (Counts 1, 2, and 8) were stricken as redundant and the demand for punitive damages in Count 1 in its entirety and Counts 3 and 5 to the extent they are asserted against the MCBOE and Shehan, in his official capacity, were stricken as immaterial and/or impertinent; and (4) the motion was otherwise denied.  Doc. 32.

On October 3, 2024, Defendants filed an answer to the amended complaint.  Doc. 34.  On December 20, 2024, Plaintiffs filed a Second Amended Complaint (Doc. 41) that the Court construed as a motion for leave to file an amended complaint (Doc. 42) and ordered Plaintiffs to file a description of the proposed amendments to their amended complaint and ordered Defendants to show cause why the construed motion should not be granted.  Plaintiffs timely filed a response to the Court's Order (Doc. 43), and Defendants timely filed their response in opposition to the motion for leave to file an amended complaint (Doc. 44).  The Court granted the motion for leave to file an amended complaint (Doc. 45), and Plaintiffs filed their Second Amended Complaint on January 30, 2025 (Doc. 46).  In the Second Amended Complaint, Plaintiffs brings claims against

Defendants for (Count 1) discrimination/retaliation in violation of Title VII of the Civil Rights Act of 1964, (Count 2) discrimination in violation of Title IX, (Count 3) defamation, (Count 4) breach of contract, (Count 5) violation of the ADA, (Count 6) violation of the EPA, and (Count 7) outrage. *Id.*

On February 13, 2025, Defendants filed the instant motion to dismiss (Doc. 48) and brief in support (Doc. 49) for which the Court entered a briefing schedule (Doc. 50). Plaintiffs timely filed a response to the motion (Doc. 52), and Defendants timely filed a reply (Doc. 53). The motion to dismiss is fully briefed and ripe for review, and the Court finds oral argument unnecessary.

## II.   STANDARD OF REVIEW

### A.   Fed. R. Civ. P. 12(b)(6)

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [*Twombly*, 550 U.S.] at 570[ ]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556[ ]."). Since a Fed. R. Civ. P. 12(b)(6) motion questions the legal sufficiency of a complaint, in assessing the merits of the motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g., United States v. Gaubert*, 499 U.S. 315, 327 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990); *but see also Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) ("[T]he tenet that a court must accept as

true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, all factual allegations shall be construed in the light most favorable to the plaintiff. *See, e.g., Brower v. County of Inyo*, 489 U.S. 593, 598 (1989). Obviously, therefore, a district court may not resolve factual disputes when adjudicating a motion to dismiss. *Page v. Postmaster Gen. and Chief Exec. Officer of the U.S. Postal Serv.,* 493 F. App'x 994, 995 (11th Cir. 2012) (citing, among other cases, *Lawrence,* 919 F.2d at 1529, for the proposition that, under Fed. R. Civ. P. 12(b)(6), the existence of disputed material facts precludes a district court from granting a motion to dismiss). "'When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.'" *Thaeter v. Palm Beach Cnty. Sheriff's Office,* 449 F.3d 1342, 1352 (11th Cir. 2006) (quoting *Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam)); *see also Reese v. Ellis, Painter, Ratterree & Adams, LLP,* 678 F.3d 1211, 1215-16 (11th Cir. 2012) ("Because the Ellis law firm's dunning letter and enclosed documents were attached to the Reeses' complaint as an exhibit, we treat them as part of the complaint for [Fed. R. Civ. P.] 12(b)(6) purposes.").

**B.     Fed. R. Civ. P. 12(f)**

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" and the court may act either "on its own" or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." FED. R. CIV. P. 12(f)(1)-(2).

### III.     DISCUSSION AND ANALYSIS

Defendants make several arguments in their motion: (1) the MCBOE is entitled to sovereign immunity from Plaintiffs' state-law claims; (2) Shehan, in his official capacity, is

entitled to absolute immunity from Plaintiffs' state-law claims; (3) the claims that are brought against Shehan, in his official capacity, are duplicative of the claims that are brought against the MCBOE and, therefore, are due to be stricken; (4) Shehan cannot be held liable for violations of Title VII, the ADA, Title IX, or the EPA; (5) Plaintiffs' demand for certain damages from the MCBOE are improper – punitive damages against the MCBOE and Shehan, in his official capacity, for violations of Title VII, Title IX, and the EPA; punitive damages against the MCBOE and Shehan, in his official capacity, for violations of state law; and attorney's fees for violations of state law.  Doc. 49.

In response, Plaintiffs object to the Court dismissing the Second Amended Complaint but concede some of Defendants' arguments, as to portions of the Second Amended Complaint that should be stricken, are meritorious.  Doc. 52 at 1-2.  Further, Plaintiffs recognize some of Defendants' arguments are born from ambiguities in the Second Amended Complaint.  *Id.* Plaintiffs aver the state-law claims are brought only against Shehan, in his individual capacity, for actions that were performed while he served as the Superintendent of the MCBOE.  *Id.* at 2-3. Plaintiffs concede their claims that are brought against Shehan, in his official capacity, and the federal claims that are brought against him, in his individual capacity, are due to be stricken.  *Id.* at 3.  Plaintiffs further concede their demands for punitive damages for their federal claims, and for attorney's fees for their state-law claims, are due to be stricken.  *Id.* at 3-4.  Plaintiffs conclude their response with a request the Court grant in part the motion to dismiss the Second Amended Complaint and strike the requested items that are listed in the "Conclusion" of Defendants' brief in support of their motion but deny any other requests from the motion.  *Id.* at 4.

The Court will analyze Defendants' arguments under a Fed. R. Civ. P. 12(f) standard since many of Defendants' arguments were previously addressed in the Magistrate Judge's Report and

Recommendation, which was adopted as the opinion of the Court, and was mistakenly included in the Second Amended Complaint, as conceded by Plaintiffs, or is the result of unintended ambiguities in the Second Amended Complaint.

As to whether state-law claims can be brought against the MCBOE, the Magistrate Judge addressed this argument in her Report and Recommendation when she concluded the MCBOE is an Alabama state agency that is entitled to immunity from Plaintiffs' state-law claims. Doc. 28. Indeed, Plaintiffs concede, as to the state-law claims in the Second Amended Complaint, any reference to the MCBOE as a party against which those claims are brought were in error and such claims are solely brought against Shehan, in his individual capacity. Doc. 52 at 2-3. Accordingly, insofar as the state-law claims in the Second Amended Complaint (Counts 3, 4, and 7) reference the MCBOE as a party against which those claims are brought, those references are **STRICKEN**.

As to whether Shehan, in his official capacity, is entitled to absolute immunity from Plaintiffs' state-law claims, Plaintiffs clarify their state-law claims are solely brought against Shehan, in his individual capacity. *Id*. In the Second Amended Complaint, the state-law Counts do not clarify whether they are brought against Shehan in his official or individual capacity but, in the introductory "Parties" section, Shehan is described as a party in both his official and individual capacity. Doc. 46. Since Plaintiffs concede they do not bring the state-law claims against Shehan, in his official capacity, the Court need not analyze whether he is entitled to absolute immunity in that capacity for those claims under a Fed. R. Civ. P. 12(b)(6) standard. Accordingly, insofar as the state-law claims in the Second Amended Complaint (Counts 3, 4, and 7) may be read to be brought against Shehan, in his official capacity, those claims are **STRICKEN** and are brought only against Shehan, in his individual capacity.

As to whether the federal claims that are brought against Shehan, in his official capacity,

are duplicative of the federal claims that are brought against the MCBOE, the Magistrate Judge addressed this argument in her Report and Recommendation when she concluded those claims were due to be stricken because they are duplicative of the same claims that are brought against the MCBOE.  Doc. 28.  Plaintiffs concede the federal claims that are brought against Shehan, in his official capacity, are due to be stricken.  Doc. 52 at 3.  Accordingly, insofar as the federal claims in the Second Amended Complaint (Counts 1, 2, 5, and 6) are brought against Shehan, in his official capacity, those claims are **STRICKEN**.

As to whether Shehan, in his individual capacity, can be held liable for violations of Title VII, the ADA, Title IX, or the EPA, the Magistrate Judge addressed this argument in her Report and Recommendation when she concluded individual employees or agents of an employer are not liable under Title VII or the ADA and, for purposes of the EPA, a public official, in their individual capacity, is not an employer that is subject to liability.  Doc. 28.  Plaintiffs concede the federal claims that are brought against Shehan, in his individual capacity, are due to be stricken.  Doc. 52 at 3.  Accordingly, insofar as the federal claims in the Second Amended Complaint (Counts 1, 2, 5, and 6) are brought against Shehan, in his individual capacity, those claims are **STRICKEN**.

Finally, as to whether Plaintiffs' demand for certain damages are improper – punitive damages against the MCBOE and Shehan, in his official capacity, for violations of Title VII, Title IX, and the EPA; punitive damages against the MCBOE and Shehan, in his official capacity, for violations of state law; and attorney's fees for violations of state law - the Magistrate Judge addressed some of this argument in her Report and Recommendation when she found Plaintiffs' demands for punitive damages for Count 1 (discrimination/retaliation in violation of Title VII), Count 3 (defamation), and Count 5 (violation of the ADA) were due to be stricken as immaterial and/or impertinent.  Doc. 28.  Plaintiffs concede their demands for punitive damages for their

federal claims, and for attorney's fees for their state-law claims, are due to be stricken. Doc. 52 at 3-4. Plaintiffs' state-law claims that are brought against the MCBOE and Shehan, in his official capacity, have been stricken, and therefore, punitive damages for those claims are due to be stricken. Accordingly, Plaintiffs' demands for punitive damages against the MCBOE and Shehan, in his official capacity, for violations of Title VII, Title IX, and the EPA; punitive damages against the MCBOE and Shehan, in his official capacity, for violations of state law; and attorney's fees for violations of state law are **STRICKEN**.

## IV.   CONCLUSION

Accordingly, Defendants' Motion to Dismiss and/or Strike Portions of Plaintiffs' Second Amended Complaint (Doc. 48) is **GRANTED** as to the motion to strike, pursuant to Fed. R. Civ. P. 12(f), and **DENIED** as to the motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). It is **ORDERED** the following is **STRICKEN** from the Second Amended Complaint (Doc. 46):

1. the state-law claims (Counts 3, 4, and 7) that are brought against Defendants Monroe County Board of Education and Gregory Shehan, in his official capacity;

2. the federal claims (Counts 1, 2, 5, and 6) that are brought against Defendant Gregory Shehan, in both his individual and official capacities;

3. the demand for punitive damages against Defendants Monroe County Board of Education and Gregory Shehan, in his official capacity, for violations of Title VII, Title IX, and the Equal Pay Act;

4. the demand for punitive damages against Defendants Monroe County Board of Education and Gregory Shehan, in his official capacity, for violations of state law; and

5. the demand for attorney's fees for violations of state law.

To correct the oversights and ambiguities of the Second Amended Complaint and to present

a complete pleading that does not require reference to this Memorandum Opinion and Order for comprehension, Plaintiffs Barbarietta Turner-Pugh, L'Nari Turner, Lizzie Ingram, and Alicia Salter are **ORDERED** to file by **July 9, 2025**, a third amended complaint that is consistent with the rulings in this Memorandum Opinion and Order.

**DONE** and **ORDERED** this 27th day of June 2025.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE